NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-1163

JAMES LYONS

vs.

JIM CONROY & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff, James Lyons, appeals from an order of the Superior Court allowing the defendants' special motion to dismiss under the anti-SLAPP statute, G. L. c. 231, § 59H. Concluding that the plaintiff, a former chairman of the Massachusetts Republican Party, failed to establish that statements allegedly made by the defendants concerning the party's ward committee membership were devoid of any reasonable factual support or arguable basis in the law, we affirm.

1.  Anti-SLAPP standard.  "[A] ruling on a special motion to dismiss is subject to de novo review on appeal." Columbia

―――――――――――――

[1] Ben Maroon, Matthew Sisk, Mark Steffan, Sean Powers, and Brian Wynne.

Plaza Assocs. v. Northeastern Univ., 493 Mass. 570, 577 (2024).

We evaluate a special motion to dismiss in two stages. Bristol
Asphalt Co. v. Rochester Bituminous Prods., Inc., 493 Mass. 539,
555-557 (2024). First, "a proponent of a special motion to
dismiss under § 59H must 'make a threshold showing through the
pleadings and affidavits that the claims against it are "based
on" the [party's] petitioning activities alone and have no
substantial basis other than or in addition to the petitioning
activities.'" Bristol Asphalt Co., supra at 555, quoting
Duracraft Corp. v. Holmes Prods. Corp., 427 Mass. 156, 167-168
(1998). If this threshold showing is made, "the statute
requires allowance of the special motion to dismiss, 'unless the
[special motion opponent] shows' that the special motion
proponent's exercise of its right of petition '[(1)] was devoid
of any reasonable factual support or any arguable basis in law'
and (2) 'caused actual injury to the [special motion
opponent].'" Bristol Asphalt Co., supra at 557, quoting G. L.
c. 231, § 59H.

2. Petitioning activity. "To fall under the 'in
connection with' definition of petitioning under the anti-SLAPP
statute, a communication must be 'made to influence, inform, or
at the very least, reach governmental bodies -- either directly
or indirectly.'" Blanchard v. Steward Carney Hosp., Inc., 477

2

Mass. 141, 149 (2017), S.C., 483 Mass. 200 (2019), overruled on other grounds by Bristol Asphalt Co., 493 Mass. at 551-554, quoting North Am. Expositions Co. Ltd. Partnership v. Corcoran, 452 Mass. 852, 862 (2009).  Here, the statements at issue were regarding a dispute about the proper membership of one of the ward committees within the Massachusetts Republican Party.[2] Massachusetts political parties must report ward committee membership to both the state secretary and the state's office of campaign and political finance.  See G. L. c. 52, § 5.  The plaintiff's counsel explained at oral argument that the Massachusetts Republican Party "cross checks" the "sworn" names and addresses of ward committee members submitted to the office of campaign and political finance against its own forms.  Both parties agree that forming and establishing the membership of ward committees constitutes petitioning activity, and we accept that agreement.

The plaintiff, however, argues that establishing the membership of the committee was not the true purpose of the allegedly defamatory statements.  Rather, he argues, "the defendants conspired to defame Mr. Lyons as a racist and bigot not in an effort to rectify any alleged issues with the

---

[2] "Each political party shall, in every ward and town, elect at the presidential primaries a ward or town committee from among the members of the party . . . ."  G. L. c. 52, § 2.

3

registration of voters in Boston Republican Ward 15 but for the alternative purpose of attempting to defeat his reelection campaign."  The possibility that the petitioning activity had an ulterior motive (or multiple motives), however, is irrelevant.  See Benoit v. Frederickson, 454 Mass. 148, 152 (2009), quoting Office One, Inc. v. Lopez, 437 Mass. 113, 122 (2002) ("[T]he motive behind the petitioning activity is irrelevant at this initial stage").  As the Supreme Judicial Court held, "Ulterior motives . . . do not bear on the petitioning nature of the statements to the Boston Globe."  Blanchard, 477 Mass. at 151.

3.  Arguable basis.  "Where a special motion proponent has met this threshold burden," the judge must allow the special motion to dismiss "'unless the [special motion opponent] shows' that the special motion proponent's exercise of its right of petition 'was devoid of any reasonable factual support or any arguable basis in law . . . .'"  Bristol Asphalt Co., 493 Mass. at 557, quoting G. L. c. 231, § 59H.  In making our determination, we must "consider the pleadings, as well as the 'supporting and opposing affidavits stating facts upon which the liability or defense is based.'"  477 Harrison Ave., LLC v. JACE Boston, LLC, 483 Mass. 514, 522 n.3 (2019), quoting G. L. c. 231, § 59H.  The Supreme Judicial Court has "emphasized that the 'mere submission of opposing affidavits by the [special

4

motion opponent] could not,' in this case involving conflicting affidavits as to whether a rape had occurred, 'have established that the [special motion proponents'] petitioning activity,' i.e., her report of the rape to police, was devoid of any reasonable factual support or any arguable basis in law." Bristol Asphalt, supra at 558, quoting Benoit v. Frederickson, 454 Mass. 148, 154 n.7 (2009).  Proving that petitioning activity is illegitimate, then, presents a "high bar." Blanchard, 477 Mass. at 156 n.20.

Here, the petitioning activity consists of statements that the plaintiff was discriminating against Asian American Republicans by "selectively enforcing procedural rules and targeting voters of color."[3]  The plaintiff made no showing, by affidavit or otherwise, that this allegation was false, much less that the defendants had no arguable basis for it.  The record does not even include a sworn statement that the plaintiff did not attempt to exclude Asian Americans from ward committee membership or any explanation of his reasons for

---

[3] At oral argument, the plaintiff's counsel explained that the "specific defamatory statement was the headline" of the Boston Globe article, which reads, "Asian American Republicans accuse state GOP of pursuing discriminatory scheme to disenfranchise them in party elections."  Whether the plaintiffs could be found liable for an article headline written by the staff at the Boston Globe, although a weighty question, is not a matter for an anti-SLAPP motion.

trying to disqualify them.  Rather, the plaintiff provided a deposition by a person whom the defendants hired as a consultant to assist in organizing and a deposition by another person who stated that the consultant asked him to call the plaintiff a child molester and a racist.  Devoid from the plaintiff's showing was any discussion of the defendants' basis for their statements, much less proof that the defendants lacked an arguable basis for their statements that the plaintiff was discriminating against Asian American Republicans.  Accordingly, the order allowing the defendants' special motion to dismiss is affirmed.[4]

2. <u>Attorney's fees</u>.  The defendants are entitled to an award of appellate attorney's fees pursuant to G. L. c. 231, § 59H.  See <u>Benoit</u>, 454 Mass. at 154; <u>McLarnon</u> v. <u>Jokisch</u>, 431 Mass. 343, 350 (2000).  Consistent with the procedure set forth in <u>Fabre</u> v. <u>Walton</u>, 441 Mass. 9, 10-11 (2004), the defendants may submit an application for their appellate attorney's fees

_____

[4] The plaintiff further requests that this Court, "as a matter of law and/or public policy, . . . deny the defendants' special motion to dismiss on the grounds that the defendants' 'petitioning activity' arises out of their own criminal conduct."  The plaintiff did not raise this argument in the Superior Court and thus it is waived.  See <u>Rabinowitz</u> v. <u>Schenkman</u>, 103 Mass. App. Ct. 538, 542 (2023), quoting <u>Century Fire & Marine Ins. Corp.</u> v. <u>Bank of New England-Bristol County, N.A.</u>, 405 Mass. 420, 421 n.2 (1989) ("An issue not raised or argued below may not be argued for the first time on appeal").

and costs, with supporting documentation, within fourteen days of the release of this decision. The plaintiff shall have fourteen days within which to respond. See Slive & Hanna, Inc. v. Massachusetts Comm'n Against Discrimination, 100 Mass. App. Ct. 432, 442 n.20 (2021).

We decline the defendants' request for double appellate attorney's fees. See G. L. c. 211A, § 15; Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019) ("If an appellate court determines that an appeal in a civil case is frivolous, it may award just damages and single or double costs to the appellee, and such interest on the amount of the judgment as may be allowed by law"). "Although the [plaintiff's] arguments are unpersuasive, they are not frivolous." Suwwan de Felipe v. El-Youssef Suwwan, 106 Mass. App. Ct. 158, 169 n.6 (2025).

Judgment affirmed.

By the Court (Massing, Ditkoff & Hand, JJ.[5]),

Clerk

Entered: July 17, 2026.

---

[5] The panelists are listed in order of seniority.